IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

MAY 2 4 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

DITRIKH LIPATS, an individual,        )
and                                   )
DANIEL LIPATS, an individual,         )
                                      )
              Plaintiffs,             )     Case No. **CJ-2013-02537**
                                      )
v.                                    )
                                      )     ATTORNEY LIEN CLAIMED
ALLSTATE INSURANCE COMPANY            )
and                                   )     JURY TRIAL DEMANDED
ALLSTATE FIRE & CASUALTY              )
INSURANCE CO.                         )     DAMAN CANTRELL
              Defendant.              )

## PETITION

COMES NOW the Plaintiffs, Ditrikh Lipats and Daniel Lipats, by and through their

attorneys of record, and brings this Petition against the Defendants, AllState Insurance

Company and AllState Fire & Casualty Insurance Co. and states as follows:

### PARTIES, JURISDICTION & VENUE

1.    Plaintiff, Ditrikh Lipats, is an individual residing in Tulsa County, State of

Oklahoma.

2.    Plaintiff, Daniel Lipats, is an individual residing in Tulsa County, State of

Oklahoma.

3.    Defendant, AllState Insurance Company, is a foreign for profit Business

Corporation conducting regular business in Tulsa County, State of Oklahoma.

4.    Defendant, AllState Fire & Casualty Insurance Co., is a foreign for profit

Business Corporation conducting regular business in Tulsa County, State of Oklahoma.

5.    The acts, occurrences and omissions complained of herein occurred in Tulsa

County, State of Oklahoma.

1



EXHIBIT

tabbies    1

6.     This court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

7.     Plaintiff's original Petition was filed on April 27, 2012 and dismissed without prejudice on February 12, 2013.

## FACTS COMMON TO ALL CLAIMS

8.     Paragraphs 1-7 are incorporated herein by reference.

9.     Defendants sold Plaintiff, Ditrikh Lipats, a policy, policy no. 0931125228, which provided automobile insurance coverage for various types of damage to any covered vehicle.

10.    Plaintiff Daniel Lipats was covered under the Allstate policy described above, that was purchased and maintained by his father, Plaintiff Ditrikh Lipats.

11.    On or about May 12, 2011, Plaintiff Daniel Lipats was involved in a hit and run accident, wherein a third party, Barbara McKnight, who was also insured by Defendants, was driving and backed into his vehicle causing property damage to his vehicle.

12.    Ms. McKnight fled the scene of the accident but not before the Plaintiff obtained a picture of her license plate and called the police. The Plaintiff was also able to view surveillance video from the camera in the store where both individuals had been shopping.

13.    At all times during the accident both the Plaintiffs and Ms. McKnight were insured under contracts with the Defendants where the Defendants were to provide coverage for the Plaintiffs in accordance with their policy.

14.    Plaintiffs made due demand on the Defendants for payment of the policy benefits.

2

15.    On May 25, 2011, the Defendants informed the Plaintiffs that Defendants would not cover Plaintiffs' damages and that it's insured, Ms. McKnight was not liable for the damages.

16.    Plaintiffs relied on Defendants to properly handle the claim(s) and make payment on the applicable claims pursuant to the aforementioned insurance policy. Plaintiffs have made due demand on the Defendants for payment of the policy benefits and otherwise met all of the conditions precedent for payment of claims under the insurance policy.

17.    Defendants have unreasonably failed and refused to pay the benefits under the insurance policy.

## CAUSES OF ACTION

18.    Paragraphs 1-17 are incorporated herein by reference.

19.    In its handling of Plaintiffs' claim for benefits under their insurance policy, and as a matter of routine practice in handling similar claims, Defendants breached their duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

a.    Failing to pay Plaintiffs the insurance benefits that they were entitled to under the policy at the time when Defendants knew the Plaintiffs were entitled to those benefits;

b.    Withholding payment of benefits to the Plaintiffs knowing that Plaintiffs' claim for those benefits was valid;

c.    Refusing to honor Plaintiffs' claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d.    Unreasonably delaying payment of some benefits and denying Plaintiffs' claim for some benefits without reasonable basis;

e.  Refusing to pay Plaintiffs' claim for reasons contrary to the express provisions of the law;

f.  Intentionally and recklessly misapplying the provisions of the insurance policy;

g.  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiffs and to effect an economic gain for the Defendants by not paying an amount that it owed by virtue of the insurance contract;

h.  Failing to properly investigate the Plaintiffs' claim for benefits;

i.  Failing to properly evaluate the investigation that was done on Plaintiffs' claim for benefits;

j.  Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiffs;

k.  Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiffs' claim; and

l.  Refusing to communicate and provide information regarding the insurance claims reported to Defendants.

20.     As a direct result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment medical expenses and financial hardship, all of which are in excess of seventy-five thousand dollars ($75,000.00.)

21.     Plaintiffs have retained an attorney to prosecute this action and are thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

22.     Defendants have acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiffs. As a result, the Plaintiffs are entitled to recover punitive damages against the Defendants for these actions.

WHEREFORE, Plaintiffs pray this Court enter judgment against the Defendants, and grant them the relief sought including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of seventy-five thousand dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN P.L.L.C.

Daniel E. Smolen, OBA# 19943
Lauren G Lambright, OBA# 22300
Alexandra M. Lengen, OBA #31132
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*