## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DITRIKH LIPATS and DANIEL LIPATS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 13-CV-407-JED-FHM |
| v. ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY ) | |
| and ALLSTATE FIRE & CASUALTY ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

Defendants move in limine for a pretrial order excluding any evidence of Allstate Insurance Company's third party claims handling and denial of plaintiffs' claim against the insurance policy of the alleged tortfeasor, Barbara McKnight, as being irrelevant under Oklahoma law. The Court has denied a summary judgment motion that was based upon a similar argument. From the outset of reporting property damage, Mr. Lipats informed Allstate that he did not want to file a claim against his own policy, but wanted Ms. McKnight's insurer to pay for his property damages. It turned out that another Allstate entity – with personnel and offices in the same general location as the Allstate entity that insured plaintiffs' vehicle – represented McKnight. Specifically, the Lipats vehicle was insured under a policy issued by defendant Allstate Fire & Casualty Insurance Co., while McKnight was covered under a policy issued by Allstate Insurance Company.

Mashonda Wilson, who was employed by Allstate Insurance Company, testified that she was assigned to communicate with the plaintiffs, and she was responsible for advocating that McKnight's insurance coverage pay for Mr. Lipats' property damages, while Allstate agent Tom

Williams was handling the claim on behalf of McKnight's third party coverage. Wilson testified that she handles first party claims for Allstate Insurance Company and that she "was the first-party adjuster for the Lipats" and, in the context of a first-party claim, she "was handling the claim for Mr. Lipats." (Doc. 58-7 at 3-4 [Dep. pp. 10-11]). On plaintiff's third-party claim against McKnight's policy, Wilson testified that she and Williams had a "roundtable" meeting with their shared supervisor, Mark Green, at Green's desk. (*Id.* at 5 [Dep. p. 82]). Wilson indicated that Williams "could have made a decision by himself," but the Allstate Insurance Company employees "felt that it was best to have a fresh set of eyes look at it, and that's the only reason [their supervisor, Green] got involved." (*Id.*).

Wilson's testimony made it clear that, although she, Williams, and Green were employed by Allstate Insurance Company – the Allstate entity that issued McKnight's policy – Wilson considered Mr. Lipats to be her insured in the process, although he was technically insured by a different Allstate entity. Given Wilson's testimony and the fact that Green was the supervisor of Wilson and Williams, a reasonable jury could infer that there was at least a commingling of claims handling on the first and third party sides, with Wilson's alleged advocacy on behalf of plaintiffs compromised by the fact that her supervisor wished to deny the claim, while knowing that plaintiffs were also Allstate insureds who would be required to seek any compensation against their own policy, subject to a deductible. This evidence generally supports plaintiffs' allegations that the defendants were not acting separately and independently in handling one of their insured's claims against another of their insureds and that Allstate did not treat the plaintiffs fairly and in good faith.

The Court recognizes defendant's argument that Judge McCarthy granted a motion for protective order regarding the depositions of Green and Williams, while denying that motion as

to Wilson. (Doc. 46). At the time of the filing of that motion and plaintiff's response, Ms. Wilson's deposition testimony had not been taken. In any event, in light of the Court's summary judgment ruling, the Court finds that the motion in limine (Doc. 62) will be **denied** at this time.

SO ORDERED this 31st day of March, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE